1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT
9                           SOUTHERN DISTRICT OF CALIFORNIA
10
11  MICHAEL VERBLE,                     )   Civil No.07-CV-652-L(LSP)
                                        )
12            Plaintiff,                )   **ORDER DENYING MOTION FOR**
                                        )   **RECONSIDERATION** [doc. # 9]
13  v.                                  )
                                        )
14  9TH U.S. DISTRICT COURT; JUDGE      )
    JUDY KEEP; AND ELECTRONIC           )
15  DOCKET RECORDS CLERK,               )
                                        )
16            Defendants.               )
                                        )
17  _____       )

18      On April 12, 2007, plaintiff, appearing *pro se*, filed a complaint, a motion for leave to
19  proceed *in forma pauperis*, and a motion for appointment of counsel. The Court granted
20  plaintiff *in forma pauperis* status, dismissed his action with prejudice and denied his motion for
21  appointment of counsel. [doc. #4]. Plaintiff now seeks reconsideration of the Court's Order of
22  dismissal. Having carefully reviewed the motion presented, the Court denies plaintiff's motion
23  for reconsideration.

24                                      **Legal Standard**
25      Local Civil Rule 7.1(i) requires a party seeking reconsideration to show "what new or
26  different facts and circumstances are claimed to exist which did not exist, or were not shown,
27  upon such prior application." L. CIV. R. 7.1(i). Federal Rule of Civil Procedure 59(e) authorizes
28  a party to file a motion to alter or amend a judgment within 10 days after entry of the judgment.

07cv652

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). The Ninth Circuit has admonished that absent highly unusual circumstances, a district court should not grant a motion for reconsideration pursuant to Rule 59(e) unless: (1) the movant presents the court with newly-discovered evidence; (2) the court committed clear error that was manifestly unjust, or (3) there is an intervening change in controlling law. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)(quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000). Reconsideration should not be used to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990); *Kona* , 229 F.3d at 890 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple.

**Discussion**

Plaintiff seeks reconsideration of the dismissal order filed April 18, 2007, contending that he did cite to a statute for relief, specifically 42 U.S.C. § 645. But in his Complaint, plaintiff

references 18 U.S.C. § 645, not 42 U.S.C. § 645.[1]  The Court notes that 42 U.S.C. § 645 has been repealed.[2]  Plaintiff also list a series of statutes associated with the Equal Opportunity Commission apparently believing that the statutes are applicable here.

As noted above, absent "highly unusual circumstances," reconsideration of a final judgment or order is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law.  *Kona,* 229 F.3d at 890.  It appears plaintiff's motion is premised on the second basis.  It is difficult, however, to discern the basis for plaintiff's motion because plaintiff's request is nearly unintelligible, offering little more than a series of string citations to statutes concerning discrimination under Title VII, which concerns discrimination in employment and is clearly inapplicable in this case.  Plaintiff has not presented any plausible basis for his motion.   Plaintiff presents no change in the controlling law, no newly-discovered evidence, and makes no showing that the Court committed clear error.

Further, even if the Court were to consider plaintiff's argument again, the Court would reach the same conclusion it made in its April 18, 2007 Order.  Plaintiff seeks money damages under a criminal statute, 18 U.S.C. § 645.  Plaintiff may not bring a criminal action against another party.  As discussed in the Court's April 18, 2007 Order:

> It appears that plaintiff seeks to hold defendants criminally liable for acts taken with respect to his 2004 district court case.  But a private citizen has no right to

---

[1] The Complaint, in its entirety states:

KEEPER OF ELECTRONIC RECORDS – JUDGE JUDY KEEP, CLERK OF 9TH U.S. DISTRICT COURT DID COMMIT FRAUD OF DOCKET 04-CV537K(JFS) BY CHANGING CASE NUMBER TO 04-CV537LAB(JFS) AFTER FORFIT AT PRELIMINARY TRIAL IN APRIL 2004.  JUDGE KEEP REFUSED TO FILE COURT STAMPED VIA CLERKS OFFICE COMPLAINT OF JUNE RIGHT BEFORE TRIAL STATING RELIEF REQUESTED ILLEGALLY ASSIGNED CASE TO ANOTHER JUDGE AFTER FORGIT OF PRELIMINARY JUDGE.  MAKING DATES OF TRIAL SAME AS PRIOR CASE NUMBER.  PAPERWORK IN QUESTION FILED TO UNHCR HONG KONG, 1816-2006 DOCKETED.  TITLE 18 USC SECTION(S) 642, 641, <u>645</u>, <u>665</u>!  RELIEF OF $110,000,000.00 AS PER LAW, TWICE X TORT CASE

[2] 42 U.S.C. § 645 was repealed under Public Law 100-485, Title II, §202(a), October 13, 1988, 102 Stat. 2377.

institute criminal prosecution against other parties. *See Diamond v. Charles*, 476 U.S. 54, 64-65, 106 S. Ct. 1697 (1986); *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.1990); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir.1989); *Linda R.S. v. Richard D.*, 93 S. Ct. 1146, 1149 (1973)("in American jurisprudence, at least, a private citizen lacks a judicially cognizable interest in the prosecution . . . of another").

The Court found that plaintiff had asserted claims that clearly do not exist and declared plaintiff's Complaint as legally frivolous. That finding remains.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED** denying plaintiff's request for reconsideration. [doc. #9].

**IT IS SO ORDERED.**

DATED: May 4, 2007

                                                    M. James Lorenz
                                                    United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL